UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:                                               CASE NO.

TIMESHARES DIRECT, INC.                              CHAPTER 11
d/b/a TIMESHARES BY OWNER,

       Debtor.

_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

Debtor, Timeshares Direct, Inc., d/b/a Timeshares by Owner ("TSBO" or "Debtor"), files

its Chapter 11 Case Management Summary in compliance with Local Rule 2081-1(b) and states:

1.     **Description of the Debtor's business:**

The Debtor, which does business under the name Timeshares by Owner, is a Florida

corporation formed in January, 1998.  The Debtor provides marketing and advertising services so

that timeshare owners can sell or rent their timeshare without a broker. Timeshares are more

difficult to sell or rent than other real estate. The reason is that unlike other real estate, a

timeshare is divided into 52 weeks so it is impossible to have an open house. Also, the marketing

expenses to sell a single week of timeshare are prohibitive.  The Debtor uses two advertising

vehicles: (1) its award winning web site—www.timesharesbyowner.com, and (2) its magazine,

the Timeshare Trader, which is distributed to resort locations throughout the nation.

2.     **Location of the Debtor's Operation and Whether Leased or Owned:**

The Debtor's office is located at 8810 Commodity Circle, Unit 16, Orlando, FL

32819.  This office space is leased.  In addition, the Debtor also has contracts with independent

marketing offices ("IMOs") whom exclusively manage the sales of the balance of the Debtor's

employees from other locations in Orlando, South Daytona, Jacksonville, and Palm Coast,

Florida. The Debtor has no financial responsibility for rent at these locations. However, the Debtor is filing a motion for authority to pay these IMOs, whom the Debtor believes are critical vendors, amounts due for pre-petition services.

3.    **Reasons for filing Chapter 11:**

During the past three years, the Debtor has been forced to defend against Wyndham Vacation Resorts, Inc. ("Wyndham") in a lawsuit styled *Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc, et al.*, Case No. 2009-CA-39780-O (32) (Circuit Court, Orange County, Florida) (the "Wyndham Suit").  Defending the Wyndham Suit, which was bifurcated as to liability and damages, has required the Debtor to expend considerable resources.  Recently, the state court, in which the Wyndham Suit is pending, issued a ruling finding the Debtor liable on certain claims asserted by Wyndham.  The state court has scheduled a status conference in November, 2013, with respect to setting a trial on the damages claimed by Wyndham.  The Debtor strenuously disagrees with the state court's ruling and if necessary, plans to appeal any final and appealable judgment or order issued by the state court.

In addition to the drag on operations and profitability caused by the Wyndham Suit, the Debtor has also experienced a decrease in business and resulting revenue during the past several years due to the economic downturn.  The Debtor has responded to such downturn by recently moving its office to smaller space at rent that his more than half its previous rental and reducing payroll.

4.    **List of officers and directors, if applicable and their salaries and benefits at the time of the filing and during the 1 year prior to filing:**

| **Name** | **10/5/2012 to 10/4/1013** |
|---|---|
| Jeffrey W. Frantz, CEO/Director | $289,508.76 |
| Jana L. Klimek, President/Director | $145,852.33 |
| Gregory Taylor, Vice President/Director | $115,014.10 |
| Michael Klimek, COO/Director | $151,186.57 |

The foregoing numbers include both w-2 wages and benefits (health insurance, 401-k contributions). Subject to Court approval, the salaries of Jeffrey Frantz, Jana Klimek and Michael Klimek will be voluntarily reduced by 10% during the Chapter 11.

5.    **Debtor's annual gross revenue:**

|   |   |   |
|---|---|---|
| a. | 2010 (1120S Tax Return) | $12,794,766.00 |
| b. | 2011 (1120S Tax Return) | $12,486,698.00 |
| c. | 2012 (1120S Tax Return) | $8,188,755.00 |
| d. | 2013 (through 9/27/13) | $4,286,000.00 |

6.    **Amount owed to various classes of creditors:**

|   |   |   |
|---|---|---|
| a. | Secured Creditors: | $1,115,326,56 (approximately) |
| b. | Priority Creditors: | $    5,259.00 (approximately) |
| c. | Unsecured Creditors: | $ 849,288.00 (approximately) |

7.    **General description and approximate value of the Debtor's current and fixed assets:**

The Debtor owns no real property. The Debtor's tangible personal property is comprised of furniture and equipment with a book value of approximately $20,681. The Debtor has outstanding accounts receivables of approximately $13,547.32. The Debtor also has credit card processing relationships with several providers, including Frontline Processing and Orion Payment Systems, Inc.. Pursuant to agreement, the Debtor's credit card processors maintain reserve accounts as security for customer chargebacks. These reserve accounts presently have aggregate balances of approximately $1,115,000. Finally, the Debtor also maintains bank accounts at Citibank, with balances of $8,162.57 (Business Checking) and $ 5,835.25 (Business Savings) as of October 3, 2013.

8.    **Number of employees and amount of wages owed as of the petition date:**

The Debtor currently employs 102 employees whom operate under the Debtor's telemarketing license. The Debtor's last pre-petition payroll was Thursday, October 3, 2013, covering the period through Friday, September 27, 2013. As of the Petition Date, the Debtor

owes wages covering the gap period from September 28, 2013 through October 4, 2013 in the approximate amount of $72,279, plus applicable payroll taxes. In addition, by agreement, the Debtor withholds an amount equal to 10% of an employee's wages for a period of one year from the termination of an employee's employ with the Debtor. The 10% reserve is to cover the Debtor for any chargeback liability to the Debtor's merchant account banks if a customer seeks to cancel their agreement with the Debtor. The Debtor's liability in respect of this "wage" reserve is $82,221.93.

9.    **Status of Debtor's payroll and sales tax obligations:**

The Debtor is current on its tax and withholding obligations as of its October 3, 2013, payroll. The Debtor does not have sales tax obligations.

10.    **Anticipated relief to be requested within 14 days from the petition date:**

Concurrently with the filing of its Voluntary Petition, the Debtor is filing this Case Management Summary and Motions seeking the following relief: (a) authority to pay gap period wages which would be afforded priority treatment pursuant to 11 U.S.C. § 507(a)(4), (b) authority to pay certain critical vendors for pre-petition indebtedness, (c) authority to determine adequate assurance to utility companies, (d) authority to pay salaries and benefits to "insiders," and (e) authority to continue to maintain relationships with merchant account providers and to conduct business with such merchant account providers in same manner as conducted business pre-petition.

11.    **Debtor's strategic objectives:**

The Debtor's strategic objective is to successfully reorganize its business and financial affairs such that its expenses are in line with its revenue base. To do so, the Debtor has and will continue to streamline its operations, which will and has included, reducing its monthly rent

4

obligation, and reductions in staff and operating expenses. The Debtor is also planning to acquire and install new software which will permit the Debtor to more efficiently and profitably service its customers. In addition, the Debtor also brings its web hosting and internal marketing service in house. This has resulted in and will continue to result in significant cost savings as the Debtor was previously paying web hosting and web marketing consulting fees. Finally, the Debtor also hopes to bring and anticipates bringing to conclusion its litigation with Wyndham and thereby bringing to an end the substantial expenditure of resources which the Wyndham Suit has required.

Respectfully submitted this 7th day of October, 2013.

**DIRECT TIMESHARES, INC.,**
**d/b/a Timeshares by Owner**

By: _____
          Jeffrey W. Frantz, CEO

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
Attorney for Debtor Timeshares Direct, Inc.
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone:      (954) 462-8000
Facsimile:      (954) 462-4300

By: /s/ Kenneth B. Robinson
          **Kenneth B. Robinson**
          Florida Bar No.: 559474

J:\WPDocs\5169 Timeshares Direct, Inc\Pleadings\TD Chapter 11 Case Management Summary 9.25.2013.docx